ALEX LANDON
State Bar No. 50957
2442 Fourth Avenue
San Diego, California 92101
(619) 232-6022

Attorney for Defendant
**KEVIN BOLLAERT**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Dana M. Sabraw)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 13-cr-3902-DMS |
| Plaintiff, ) ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO;** |
| v. ) ) | 1. **COMPEL DISCOVERY** |
| KEVIN BOLLAERT, ) ) | 2. **GRANT LEAVE TO FILE FURTHER MOTIONS** |
| Defendant. ) | |

## STATEMENT OF THE CASE

Kevin Bollaert was charged in an information with knowingly making a false statement in the acquisition of a firearm from licensed firearms delaers in violation of Title 18 U.S.C. § 922(a)(b).

## STATEMENT OF FACTS

According to the information, on October 22, 2012 and July 24, 2013, Kevin Bollaert made a false statement in the acquisition of a firearm from licensed firearms dealers within the Southern District of California.

1

## MOTION FOR DISCOVERY

To date, the government has provided 26 pages of discovery to counsel. Counsel hereby requests discovery and preservation of the following items pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland*, 373 U.S. 83 (1963):

**1. All statements made by Kevin Bollaert as well as any of the codefendants charged in this case.**

This item calls for discovery of all statements made by Kevin Bollaert, and any statements made by any of the codefendants in this case which relate to Mr. Bollaert. This request calls for disclosure of such statements, whether oral, written or recorded, which are in the possession, custody or control of the government or which, by the exercise of due diligence, may become available to the government. This request includes any additional audio and/or video recordings in the possession of the government concerning the allegations in this Indictment. Rule 16(a)(1)(A) clearly authorizes production of such discovery.

Furthermore, this item calls for discovery of all statements regardless to whom the statement was made. It also calls for handwritten notes taken by or at the request of government agents concerning such statements.

By the very terms of Rule 16(a)(1)(A), Kevin Bollaert has the absolute right to inspect and copy written or recorded statements made by him to "government agents." The term "government agents" includes employees and agents in the established legal sense of the Drug Enforcement Administration, the Federal Bureau of Investigation, Homeland Security, San Diego Police Department, and any local law enforcement agencies as well as those acting in concert with these agencies.

This rule has been interpreted to mandate discovery of the written summary of a defendant's oral statements contained in the handwritten notes of a government agent. (*Loux v. United States*, 389 F.2d 911 (9th Cir. 1968), *cert. denied*, 393 U.S.

867.) If the statement of the defendant is summarized in the notes of the United States Attorney, it is still discoverable pursuant to Rule 16(a)(1)(A) and is not shielded by the Work Product Rule.

Under Rule 16(a)(1)(A), three different types of statements of defendant must be disclosed: (1) written or recorded statements made by defendant in possession of the government; (2) oral statements made by defendant in response to interrogation by government agents; and (3) grand jury testimony of defendant. In *United States v. Thevis*, 84 F.R.D. 47 (N.D.Ga. 1979), the court held that Rule 16(a)(1)(A) encompassed statements made by the defendant either directly to a government agent or to a third party who then made a statement to the government in which the defendant's remarks were attributed and included. The court further held "The statement of the defendant remains his statement, regardless of who reports, witnesses, or memorializes it." Id., at p. 56. Courts have consistently held that tape recordings of conversations involving the defendant are discoverable under Rule 16. (*United States v. Haldeman*, 559 F.2d 31 (D.C.Cir. 1976).)

In *United States v. Narciso*, 446 F. Supp. 252, 267 (E.D. Mich. 1977), the court stated:

> In light of the foregoing, the court concludes that Rule 16(a)(1)(A) does encompass statements made by the defendant, regardless of to whom they were made.

Furthermore, in *United States v. Caldwell*, 543 F.2d 1333 (D.C. Cir. 1974), *cert. denied*, 423 U.S. 1087 (1976), the court held that:

> <u>acceptance of the language for just what it says is dictated by the fundamental fairness of granting the accused equal access to his own words, no matter how the government came by them</u>.

(Emphasis added).

Kevin Bollaert further requests that the government disclose any statement in

3

its possession that may be "relevant to any possible defense or contention" that the defendant might assert. (*United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982).)

**2. All reports by government agents generated as a result of this case, including, but not limited to, crime reports and arrest reports encompassing the entire investigation by whatever agency/agencies involved in this investigation.**

**3. All books, papers, documents, photographs, tape recordings, video tapes, and tangible objects which are presently in the possession, custody, or control of the government and which are material to the preparation of the defense of Kevin Bollaert or intended for use as evidence by the government in its case-in-chief.**

Rule 16(a)(1)(C) provides authority for production of documents called for in item # 3. In *United States v. Countryside Farms, Inc.*, 428 F. Supp. 1150 (D. Utah 1977), the court made an interpretation as to what is included in the meaning of Rule 16(a)(1)(C) and concluded "... documents which will be relied on or referred to in any way by any witnesses called by the government during its case-in-chief" are to be produced. Thus all documents and reports which may be relied upon or referred to in any way by any witness are discoverable under Rule 16(a)(1)(C).

This request includes production of items which are known to the government or which, by the exercise of due diligence, could become known to the government. *(United States v. Gatto*, 763 F.2d 1040, 1047-1048 (9th Cir. 1985); *United States v. Bryan*, 868 F.2d 1032, 1036-1037 (9th Cir. 1989), *cert. denied*, 110 S.Ct. 167; *Briggs v. Raines*, 652 F.2d 862, 865 (9th Cir. 1981); *United States v. Gillings*, 568 F.2d 1307, 1310 (9th Cir.), *cert. denied*, 436 U.S. 919 (1978).)

**4. All information in the possession, custody or control of the government or which may be obtained through the exercise of due diligence which tends to negate the guilt of Kevin Bollaert.**

The government has an affirmative obligation to not only disclose, but to seek out exculpatory information. (*Kyles v. Whitley*, 115 S.Ct. 1555 (1995).)

The government must disclose to the defendant all exculpatory evidence within its possession. (*Brady v. Maryland, supra*, 373 U.S. at p. 87.)

> ...[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or innocence or to punishment irrespective of the good faith or bad faith of the prosecution.

Subsequent cases have held that the prosecution is not to decide for the defense what is or may be useful. (*United States v. Hibler*, 463 F.2d 455 (9th Cir. 1972) In *Scurr v. Niccum*, 620 F.2d 186 (8th Cir. 1980), the court held that production of police reports containing exculpatory evidence was mandated by the Fifth Amendment's due process clause.

**5. A list of government experts who have examined evidence, prepared reports or made statements in connection with the instant case, and/or who will testify in the government's case-in-chief.**

This request calls for production of the following:

(a) Names, telephone numbers and present addresses of said experts;

(b) Scientific analysis reports relating to the method of analysis, computations, handwritten notes, and reports of conclusions and results;

(c) Fingerprint comparison reports, method(s) of comparison, handwritten notes, and specific points of identification and the number of points, and reports of conclusions or results;

(d) Handwriting comparison reports, methods utilized, handwriting samples, notes and reports of conclusions and results; and

(e) Experts' curriculum vitae or resume.

**6. Prior convictions, "rap sheets," guilty verdicts, juvenile adjudications, prior misconduct, or bad acts attributed to individuals the government intends to call as witnesses in its case-in-chief**.

This request calls for material which is relevant to impeachment and is directly within Rule 609 of the Federal Rules of Evidence. If the evidence impeaches a witness' truthfulness, then the Federal Rules of Evidence allow this Court wide discretion in permitting a defendant to cross-examine a government witness as to specific instances of misconduct even though such behavior does not amount to a felony conviction.

Due process in the fair administration of justice requires that evidence which will impeach the credibility of a witness must be produced upon the request of a criminal defendant. (*United States v. Keogh*, 391 F.2d 138 (2nd Cir. 1968); *Guerrero v. Beto*, 384 F.2d 886 (5th Cir. 1967).)

The role and importance of impeachment evidence to a determination of a defendant's guilt or innocence has been stressed by the courts. (*Naupe v. Illinois*, 360 U.S. 264 (1959).) Evidence used to impeach the credibility of a witness includes the past criminal history of the witness. (*United States v. Gerard*, 491 F.2d 1300 (9th Cir. 1974).)

In the case of prior or subsequent bad acts of witnesses, this request calls for production of the following information as to each bad act for each witness:

(a) A detailed description of the bad act;

(b) The date and approximate time of the bad act;

(c) The location of the bad act; and

(d) The names and present whereabouts of witnesses.

**7. The nature of any promises of consideration, inducements, threats or coercion, favorable treatment, promises made to a witness or expected by a witness to be called during the government's case.**

The government is obligated to investigate and determine whether evidence of benefits in fact exists and that the government's "unawareness" of such evidence is not sufficient to meet its discovery obligations.

The existence and terms of any agreement with any witness proposed to be utilized at trial must also be made known to defendant. (*Giglio v. United States*, 405 U.S. 150 (1972); *Naupe v. Illinois, supra*; *United States v. Rinn*, 586 F.2d 113 (9th Cir. 1978).) This information would include all sources of payments and promises made to the witness(es).

In *Giglio v. United States, supra*, the Supreme Court made it clear that this

duty is an affirmative one which the government must discharge responsibly. Ignorance of one prosecutor as to the promises made to a government witness by another prosecutor does not excuse the failure to disclose.

**8. All documents, tape recordings (audio and video), photographs, and/or other tangible/physical evidence obtained as a result of the investigation of this case.**

**9. All transcripts of grand jury proceedings in this investigation.**

The decision as to whether disclosure of grand jury transcripts should be ordered is within the discretion of the trial court. (*United States v. Marshall*, 526 F.2d 1349 (9th Cir.1975), *cert. denied,* 426 U.S. 923.) The test used to determine whether disclosure of such transcripts should be ordered is whether the party seeking disclosure has demonstrated a "particularized need" which outweighs the general policy of secrecy of grand jury proceedings. (*Pittsburgh Plate Glass Company v. United States*, 360 U.S. 395 (1959).) In *Dennis v. United States*, 384 U.S. 855 (1966), the Supreme Court set forth the underlying basis for requiring disclosure of grand jury testimony:

> In a variety of circumstances, the lower Federal Courts have made Grand Jury testimony available to defendants.
> These developments are entirely consonant with the growing realization that disclosure rather than suppression of relevant materials ordinarily promotes the proper administration of criminal justice. . . .
> In our adversary system for determining guilt or innocence, <u>it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact.</u> Exceptions to this are justifiable only by the clearest and most compelling considerations.

(*Id.*, at pp. 870, 873; emphasis added.)

The witnesses who testified before the grand jury are presumably percipient witnesses to the offense charged in the Indictment and their testimony should be disclosed to the defense. Because of the massive nature of this case, counsel asks that these transcripts be provided to the defense as soon as possible.

7

**10. Any and all evidence which the government anticipates using against Kevin Bollaert during the trial or at the time of sentencing in the form of other crimes, wrongs, or acts which are not charged in the Indictment.**

This request specifically calls for the nature of such act, the time and place of the act, and the names and present addresses of all persons with personal knowledge of the act. In the interests of affording a criminal defendant the opportunity for a fair trial, this court has the authority to require pretrial disclosure of such evidence. (*United States v. Baum,* 482 F.2d 1325 (2nd Cir. 1973).)

**11. The names and present addresses of all individuals the government intends to call as witnesses in this case**.

Both the government and the defense have the right to interview witnesses prior to trial. (*United States v. Cook*, 608 F.2d 1175, 1180 (9th Cir. 1979), *cert. denied*, 444 U.S. 1034; *Callahan v. United States*, 371 F.2d 658 (9th Cir. 1967).) This court has the authority to order the government to disclose the names of its prospective witnesses. (*United States v. Richter*, 488 F.2d 170, 173-174 (9th Cir. 1973).) This is particularly true in a case such as this where the government has been conducting an investigation and has such a great advantage over the defense simply in terms of time.

In addition, the defense requests an opportunity to interview each of these witnesses at least thirty days in advance of trial. This is consistent with the established principle that a criminal defendant must be permitted to engage in "thorough ongoing investigation and preparation" prior to trial. (*Powell v. Alabama*, 287 U.S. 45, 57 (1932).)

> The importance to a litigation of interviewing potential witnesses is undeniable. In particular, in criminal cases, where a defendant's very liberty is at stake, such interviews are especially crucial. This is one of the first things responsible counsel does in preparing a case is to seek to interview those witnesses involved in the litigation.

(*Also see, United States v. Opager*, 589 F.2d 799, 804-805 (5th Cir. 1979).)

1    Pre-trial access to percipient witnesses, either as to the offenses alleged or other
2    crimes that may be admitted in the government's case-in-chief, is not only essential
3    to an effective defense, but the failure to engage in such investigation can also
4    support a claim of ineffective assistance of counsel. (*Wilson v. Rose*, 366 F.2d 611,
5    613 (9th Cir. 1966).) Because counsel has a duty to his client to interview all potential
6    witnesses, and because Mr. Bollaert has a Sixth Amendment Right as well as a Due
7    Process Right to prepare for and indeed engage in a "fair trial," he respectfully
8    requests this court to order the government to provide access to its witnesses.

**12. Arrest and conviction records of all individuals which the government intends to call as witnesses in this case.**

This request includes, but is not limited to, production of any and all "rap sheets" for witnesses which the government intends to call at time of trial. (*United States v. Auten*, 632 F.2d 478, 481-482 (5th Cir. 1980).) In addition, "A" files for individuals who were in the vehicle at the time it crossed into the United States.

**13. The identity and current whereabouts of any confidential informant(s).**

In *United States v. Roviaro*, 353 U.S. 53 (1957), the Supreme Court explained that the government's privilege of withholding an informer's identity exists to further and protect the public interest in law enforcement -- but that privilege is not absolute. (*d*. at 61-62.) It must give way to disclosure when the "fundamental requirements of fairness" require. *Id.* Specifically, "where the disclosure . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." (*Id.* at 61-62). Since *Roviaro*, our Circuit has specified certain facts to be considered, i.e., the level of involvement of the informer and the helpfulness of the informer to the defense. (*United States v. Ayala*, 643 F.2d 244, 246-47 (5th Cir. 1981).) *Roviaro*'s principles have been reaffirmed in *United States v. Ramirez-Rangel*, 103 F.3d 1501, 1505 (9th Cir.1997)(Defendants have a right to learn the identity of the government's confidential informants if they show that the information "is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause.")(quoting

*Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)). While the defense must make some showing of the helpful nature of the informer's testimony, courts recognize that "the [defendants] cannot be expected to submit a detailed proof offer regarding a witness they have been unable to interview." (*See, e.g., United States v. Giry*, 818 F.2d 120, 130 (1st Cir. 1987).) The government must disclose the informant's identity and location because here the informer, if one exists, may be a percipient witness unknowable to the defense.

(*Roviaro v. United States, supra,* 353 U.S. at 61-62.)

### 14. Notice of all evidence which the government intends to use in its case-in-chief which may arguably be subject to a pre-trial motion to suppress.

The above requested discovery should be promptly disclosed to the defense to avoid delay at the time of trial and to allow an opportunity to evaluate, and possibly conduct further investigation if such statements establish that this is necessary and to allow the defense to adequately prepare for cross-examination of government witnesses. (*See,* Fed. R. Evid. 801(d)(1)(A).)

Under *United States v. Miller*, 771 F.2d 1219, 1232 (9th Cir. 1985); *United States v. Dupuy*, 760 F.2d 1492, 1502 (9th Cir. 1985); *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976), and Fed. R. Crim. P. 12(I), Kevin Bollaert. also moves the court to order the government to produce, <u>in camera</u> if required, any raw notes made by the assistant United States attorney and/or investigative officers of all witness interviews. Should the government be unable to comply because of the destruction of such notes, this could be grounds for sanctions such as dismissal of the indictment or striking of the testimony of any witness to whom such notes relate. (*United States v. Harris, supra*, 543 F.2d at 1251-1252; *United States v. Johnson*, 521 F.2d 1318 (9th Cir. 1975); *United States v. Well*, 572 F.2d 1383 (9th Cir. 1978).)

Counsel for Mr. Bollaert is entitled to disclosure of Jencks Act material for witnesses testifying at trial. Disclosure ordered during trial comes too late to be effective to the defense and causes needless interruptions and delays of the trial in

that cross-examination cannot be fully planned until after a careful review of the grand jury transcripts and other Jencks Act material. This request for Jencks Act material includes, but is not limited to, notes taken by the prosecutor or agent(s) for the prosecutor which have been read back in part or in whole to a witness to confirm the accuracy of the notes. *(See, Goldberg v. United States*, 425 U.S. 94 (1976); *United States v. Boshell*, 952 F.2d 1101, 1105 (9th Cir. 1991); *United States v. Ogbuehi*, 18 F.3d 807, 810-811 (9th Cir. 1994).)

This Motion for Discovery is made on the grounds that the items requested are material and essential to an adequate preparation of the defense and without them a fair trial would be impossible. The defense requests that these materials be produced well in advance of trial to allow for defense preparation and necessary investigation. Counsel for Mr. Bollaert also requests that this Court make a continuing discovery order and order the government to produce materials responsive to items contained in this motion as they become available.

Because this is early in this criminal proceeding, it is anticipated that additional requests for discovery will be necessary once the items responsive to the above requests have been complied with.

## II
## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Based on the fact that 26 pages of discovery has been provided to date, counsel for Kevin Bollaert requests leave to file appropriate and necessary additional motions once additional requested discovery is received.

## CONCLUSION

For all of the foregoing reasons, counsel for Kevin Bollaert requests that this Court grant his motions to compel discovery and permit leave to file further necessary and appropriate motions.

//

//

DATED: November 19, 2013					Respectfully submitted,

							*s/Alex Landon*
							ALEX LANDON
							Attorney for Defendant
							KEVIN BOLLAERT